UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: KMART CORPORATION CUSTOMER
DATA SECURITY BREACH LITIGATION                                MDL No. 2625


ORDER DENYING TRANSFER


**Before the Panel:**[*]  Plaintiff in an action pending in the Northern District of Illinois moves under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Northern District of Illinois. This litigation consists of three actions pending in the Northern District of Illinois, the Eastern District of Louisiana, and the Western District of Pennsylvania, as listed on Schedule A.[1] All responding parties support centralization in the Northern District of Illinois.[2] Plaintiff in the action pending in the Western District of Pennsylvania alternatively suggests that district as an appropriate transferee district.

On the basis of the papers filed and the hearing session held, we conclude that centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. Although all responding parties support centralization, the Panel has an institutional responsibility that goes beyond accommodating the particular wishes of the parties. These actions share factual questions arising from an alleged criminal intrusion into the payment data system at retail stores owned or operated by defendant Kmart Corporation (Kmart) that resulted in the electronic theft of payment card information of customers who made purchases at Kmart stores between September 1, 2014, and October 9, 2014. There are, however, only five actions (including the two related actions) at issue, three of which are pending in the same district. Where only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. *See In re Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Movant has not met that burden here.

We have held that "centralization under Section 1407 should be the last solution after considered review of all other options." *In re Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act*

---

[*] Certain Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] The Panel has been notified of two related actions pending in the Northern District of Illinois.

[2] Plaintiff in the action pending in the Eastern District of Louisiana did not respond to the motion, but filed a waiver of oral argument in which it indicated support for centralization in the Northern District of Illinois.

-2-

*Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011). These options include transfer pursuant to 28 U.S.C. § 1404, as well as voluntary cooperation and coordination among the parties and the involved courts to avoid duplicative discovery or inconsistent pretrial rulings. In the circumstances presented here, both of these alternatives seem preferable to centralization. Though no Section 1404 motion to transfer venue has been filed in any of these actions, plaintiffs in both actions pending outside the Northern District of Illinois have indicated that they agree that this litigation should proceed in that district. Accordingly, the parties ought to be able to agree to voluntarily transfer those two actions to Northern District of Illinois pursuant to Section 1404. *See In re Gerber Probiotic Prods. Mktg. & Sales Practices Litig.*, 899 F. Supp. 2d 1378, 1380 (J.P.M.L. 2012) (discussing the advantages of Section 1404 transfer over centralization). If the parties are unable to do so, voluntary cooperation and coordination among the small number of parties and involved courts appears eminently feasible. We encourage the parties to employ various alternatives to transfer which may minimize the potential for duplicative discovery and inconsistent pretrial rulings in this litigation. *See, e.g.*, *In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

IN RE: KMART CORPORATION CUSTOMER
DATA SECURITY BREACH LITIGATION                              MDL No. 2625

## SCHEDULE A

<u>Northern District of Illinois</u>

FIRST NBC BANK v. KMART CORPORATION, ET AL., C.A. No. 1:14-10088

<u>Eastern District of Louisiana</u>

GULF COAST BANK & TRUST COMPANY v. KMART CORPORATION, ET AL., C.A. No. 2:15-00558

<u>Western District of Pennsylvania</u>

FIRST CHOICE FEDERAL CREDIT UNION v. KMART CORPORATION, ET AL., C.A. No. 2:15-00241